IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SILICONIX INCORPORATED, a Delaware corporation,

    Plaintiff,

  v.

DENSO CORPORATION, a Japanese corporation, and TD SCAN (U.S.A.), INC., a Michigan corporation,

    Defendants.

No. C 05-01507 WHA

**ORDER RE DISPUTE OVER DISCLOSURE UNDER LOCAL PATENT RULES**

At issue is our local patent disclosure rule. Local Patent Rule 3-1 requires the patent holder to serve a chart identifying specifically where each element of each asserted claim is found within each accused instrumentality. Rule 3-1 further requires disclosure whether each element is contended to be literally present or present under the doctrine of equivalents. These are part of the preliminary infringement contentions required early in the litigation.

The immediate issue is the extent to which the chart must lay out the case under the doctrine of equivalents where the patent holder's main line of attack is literal infringement and the doctrine of equivalents is only a potential back-up argument. Here, for example, the patent holder asserts literal infringement. It will resort to the doctrine of equivalents only if it eventually receives an unfavorable claim construction or for other substantial justification.

There are cases in which from the outset the patent holder relies, as to one or more elements, only on the doctrine of equivalents. In such cases, of course, the chart should lay out

the specific function-way-result analysis as to each element for which it is invoked. (In addition, the chart should also lay out the literal infringement details as to the other elements.)

In cases where the main line of attack is literal infringement but the doctrine of equivalents is also asserted, the patent holder presumably has in mind one or more reasons how the doctrine might apply. *Those reasons should be disclosed.* If there are no reasons, then the doctrine should not be asserted in the first place. A patent holder should not blindly assert the doctrine of equivalents without having an articulable explanation for why it might apply.

If substantial justification arises afterward for a later supplemental disclosure, then an alternative theory under the doctrine of equivalents can then be added. A twist in claim construction, for example, could be such an occasion. Local Rule 3-6 expressly contemplates that a party who has acted in good faith may serve revised contentions *without leave of court* if warranted by an intervening claim-construction ruling or discovery showing the operation of the accused device. Beyond this, Local Rule 3-7 allows a party to seek leave to amend the contentions upon a showing of good cause.

On the other hand, a patent holder should not be allowed to disclose initially based on an aggressive claim construction only to surface its real argument later via amendment. A party who engages in such hide-the-ball tactics should be denied the opportunity to amend later on.

The touchstone for later amendments must include good faith. Whether good faith can be shown will depend on the facts and circumstances. The purpose of the rule is to give fair and reasonable, if imperfect, disclosure of the issues to be tried and to which discovery and investigation should be directed. A patent holder on clear notice of a cogent and reasonable alternative meaning for a claim — such as one covered in a pre-litigation letter by an accused infringer or set forth in a relevant claim construction in the past — is well-advised to lay out its case under that alternative (as well as lay out its main case under its own construction). On the other hand, no one can be expected to lard their disclosures with multiple contingencies addressing weak and/or convoluted possibilities. Counsel must exercise professional judgment

1  to frame the issues which ought to be in play.  If they do so in good faith but undisclosed issues
2  later loom large, they should be granted leave to amend.

3  After the decision enforcing our local rule in *Genentech Inc. v. Amgen, Inc.*, 289 F.3d
4  761 (Fed. Cir. 2002), the local rules were amended to allow a party acting in good faith to
5  amend the contentions — without leave of court — if intervening claim construction or
6  infringement evidence so require.  (It has always been the rule that amendments could be
7  allowed for good cause.)  Arguably, this change is supportive of a notion that the preliminary
8  infringement contentions can be thin up front and meaty later on.  This change, however, was
9  meant as a safety valve for those acting in good faith.  It did not change the fundamental
10 purpose of the disclosures.  They should reveal all infringement contentions required by good
11 faith.

12 Here, the mere mention of the doctrine of equivalents without any supporting reason is
13 meaningless.  The motion is **GRANTED**.  The reference to the doctrine of equivalents is,
14 therefore, stricken. With the benefit of this ruling, plaintiff is given **SEVEN CALENDAR DAYS**
15 from the date hereof to update its Rule 3-1 disclosure as to the doctrine of equivalents if it can
16 do so in good faith.

18 **IT IS SO ORDERED.**

20 Dated:  February 15, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3